IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELA HOUSEMAN,                          No.   CIV.S-05-0946 DAD

      Plaintiff,

  v.                                       ORDER

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

      This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and/or remand and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

      Plaintiff Angela V. Fitzgerald Houseman applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act").  (Transcript (Tr.) at 96-98.)  The Commissioner

1

denied plaintiff's application initially and on reconsideration. (Tr. at 76-79, 86-89.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on August 5, 1998, and a supplemental hearing occurred on October 21, 1998.  (Tr. at 32-43, 44-63.)  Plaintiff was represented by counsel at the hearings.  (Tr. at 34, 46.)  In a decision issued on December 12, 1998, the ALJ determined that plaintiff was not disabled.  (Tr. at 17-27.)  The Appeals Council declined review of the ALJ's decision (Tr. at 3-5) and plaintiff sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing a complaint in this court on March 23, 2001.  (See Houseman v. Comm'r of Soc. Security, No. CIV.S-01-0611 WBS DAD.)

By order filed September 17, 2002, plaintiff's case was remanded for further proceedings.  (Tr. at 385-91.)  Another hearing was held before a different ALJ on January 8, 2004, at which time plaintiff again was represented by counsel.  (Tr. at 550-86.)  In a decision issued on May 27, 2004, the ALJ determined that plaintiff was not disabled.  (Tr. at 304-19.)  The ALJ entered the following findings in her decision:

> 1. The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through March 31, 1997.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's fibromyalgia is a "severe" impairment, based upon the

2

        requirements in the Regulations (20 CFR § 404.1520(c)).

4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: medium work.

7. The claimant was not disabled on or before March 31, 1997 because she was able to perform her past relevant work (20 CFR § 404.1565).

8. Alternatively, the claimant was a "younger individual between the ages of 18 and 44" during the period at issue (20 CFR § 404.1563).

9. The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).

10. The claimant has no transferrable skills from any past relevant work (20 CFR § 404.1568).

11. The claimant has the residual functional capacity to perform the full range of medium work (20 CFR § 404.1567).

12. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 203.28 or 203.29.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through March 31, 1997, the date she last met the

3

>   insured status requirements (20 CFR § 404.1520(g)).

(Tr. at 318.)[1]  The Appeals Council declined review of the ALJ's decision on March 8, 2005.  (Tr. at 299-301.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on May 13, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (Substantial evidence "is more than a mere scintilla but not necessarily a preponderance.")

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that

---

[1] Because plaintiff's last insured date was March 31, 1997, to obtain disability benefits plaintiff must demonstrate that she was disabled prior to that date. See 42 U.S.C. § 423(c); Armstrong v. Comm'r of Social Sec. Admin., 160 F.3d 587, 589 (9th Cir. 1998).

detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?

1    If so, the claimant is not disabled.  If not, the
2    claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in her motion for summary judgment.  First, plaintiff contends that the ALJ should have heard testimony from a medical expert to determine the disability onset date.  Second, plaintiff argues that the ALJ should have heard testimony from a vocational expert.  The court addresses these arguments below.

As noted, plaintiff argues that the ALJ should have taken testimony from a medical expert to determine the onset date of her disability.  Plaintiff cites Social Security Ruling (S.S.R.) 83-20 in this regard.[2]  That regulation provides that the disability onset date is "the first day an individual is disabled as defined in the Act and the regulations."  S.S.R. 83-20, 1983 WL 31249, *1.  Here,

---

[2] "Social Security Rulings do not have the force of law. Nevertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations.  Accordingly, we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Act or regulations."  Quang Van Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989)(citations and footnotes omitted).  See also Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000).

the ALJ found plaintiff to be not disabled at any time.  Given that determination, when plaintiff became disabled is not at issue.  See Armstrong v. Comm'r of Social Sec. Admin., 160 F.3d 587, 590 (9th Cir. 1998)(while the ALJ is required to call a medical expert where record is ambiguous as to onset date of disability, the claimant has ultimate burden to prove disability exists).  Moreover, the ALJ did have a specialist in internal medicine conduct a complete retrospective evaluation with respective to plaintiff following the hearing after remand.  (Tr. at 510-22.)  At that hearing, the ALJ stated she was ordering the examination to do her part "to piece together something that was happening [prior to the date last insured], and then, come up with a better idea of what was going on.  So we're trying to look back almost seven years, six to seven years ago, and determine what was going on for you during that time[.]"  (Tr. at 585.)  Accordingly, to the extent required under the circumstances of this case, the ALJ fulfilled the responsibility of assisting in developing the record.  See Armstrong, 160 F.3d at 589; DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  For these reasons, the argument that the ALJ should have taken testimony from a medical advisor is rejected.

Next, plaintiff very briefly argues that the ALJ erred in not hearing testimony from a vocational expert.  However, the issue of whether vocational expert testimony is necessary does not arise until step five of the sequential analysis.  Specifically, at that step, the Commissioner may satisfy the burden of showing that the claimant can perform other types of work in the national economy,

given the claimant's age, education, and work experience, by either: (1) applying the medical-vocational guidelines ("grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert. See Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)); Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988). Here, the ALJ determined that plaintiff had the residual functional capacity to perform her past work.[3] Thus, there was no need either to apply the medical vocational guidelines or to take the testimony of a vocational expert. See, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)(finding vocational expert's testimony is not required where plaintiff fails to show that she is unable to return to previous job). Plaintiff's argument to the contrary is unpersuasive.

Finally, as a general matter the court finds the ALJ's residual functional capacity determination to be supported by substantial evidence. A claimant's residual functional capacity is what she can still do despite her limitations and is an assessment based upon all of the relevant evidence. 20 C.F.R. §§ 404.1545(a), 416.945(a); see also Mayes v. Massanari, 276 F.3d 453, 461 (9th Cir. 2001). It is the duty of the ALJ to determine a claimant's residual

/////

---

[3] Alternatively, and out of an abundance of caution since it was unclear whether plaintiff's past work amounted to substantial gainful activity, the ALJ went on to find plaintiff capable of performing other work in the national economy as well. (Tr. at 316-17.) However, plaintiff does not now argue that her past relevant work was not substantial gainful activity.

functional capacity from the medical record.  20 C.F.R. §§ 404.1546(c), 416.946(c); <u>see also</u> <u>Vertigan v. Halter</u>, 260 F.3d 1044, 1049 (9th Cir. 2001).

Here, there is limited medical evidence from the period prior to plaintiff's last insured date of March 31, 1997. Nonetheless, treatment notes from the period of plaintiff's date last insured reflect complaints of pain, but do not indicate that plaintiff is incapable of performing all work.  (Tr. at 190-92, 248-53.)  Indeed, some of those treatment notes indicate an entirely normal musculoskeletal exam, only mild pain to touch and no signs of significant fibromyalgia, for example.  (Tr. at 191-92.)  An earlier record dated October 8, 1996, also reflects plaintiff's general complaints but does not suggest she is in any way disabled.  (Tr. at 270.)  The nonexamining state agency physician considered this evidence and found plaintiff capable of medium work.  (Tr. at 123-30.)  A complete internal medicine evaluation conducted in 2004 by Janet O'Brien, M.D., which took into account plaintiff's complete medical history and considered medical records dating as far back as 1996, also supports the medium work finding.  (Tr. at 510-22.)  The ALJ considered all of this evidence along with the rest of the record and reasonably found plaintiff to have the residual functional capacity to perform medium work.  The medical evidence of record is consistent with the assessment that plaintiff is able to perform the work identified by the ALJ.  Accordingly, the ALJ's residual functional capacity assessment is supported by substantial evidence.

/////

**CONCLUSION**

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment and/or remand is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner is affirmed.

DATED: September 25, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\houseman0946.order.